**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ALVARO LARA MARTINEZ** **PETITIONER**

**V.** **CIVIL ACTION NO. 5:25-cv-105-DCB-LGI**

**PAM BONDI, et al.** **RESPONDENTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the [15] Motion to Dismiss filed by Pam Bondi, Todd Lyons, Kristi Noem, and the Warden of the Batavia Federal Detention Facility.[1] The movants seek to dismiss the claims against them on the grounds that they have been improperly named as Respondents. In response, Petitioner filed an Amended Petition seeking to substitute Petitioner's immediate custodian, Rafael Vergara, the Warden of Adams County Correctional Center, as the sole Respondent in this matter. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)(when a habeas petitioner challenges his present physical custody, "the proper respondent is the warden of the facility where the [petitioner] is being held, not the Attorney General or some other remote supervisory official"). Upon review, the Court granted Petitioner's request and substituted Warden Vergara for Pam Bondi, Todd Lyons, Kristi Noem, and Joseph E. Freden as the sole Respondent, thereby rendering the instant motion moot.

---

[1] The undersigned notes that in the caption of the transfer order, Joseph E. Freden, Deputy Field Office Director of the Buffalo Federal Detention Facility in Buffalo, New York, was substituted for "Warden," and the "Batavia Federal Detention" was corrected to the "Buffalo Federal Detention Facility."

For these reasons, the undersigned recommends that the instant motion to dismiss be denied as moot.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on July 15, 2026.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE